UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JERK TACO MAN HOLDINGS, LLC, | ) | CASE NO. 23-00901 |
| | ) | |
| DEBTOR. | ) | HON. DEBORAH L. THORNE |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **June 1, 2023, at 11:00 a.m.**, I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the motion of the United States Trustee to **Shorten Notice to That Given and Dismiss or Convert Case Pursuant to 11 U.S.C 1112(b)**, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government (audio only).**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 160 9362 1728 - no password required. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

*/s/ Jeffrey Gansberg*
Jeffrey Gansberg, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3327

# CERTIFICATE OF SERVICE

      I, Jeffrey L. Gansberg, Trial Attorney, certify that on May 25, 2023, I caused to be served copies of the **Notice of Motion and Motion of the United States Trustee to Shorten Notice to That Given and Dismiss or Convert Case Pursuant to 11 U.S.C 1112(b)** on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

                                      */s/ Jeffrey Gansberg*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice For Registrants:**

| | |
|---|---|
| William E. Jamison, Jr. | wjami39246@aol.com |
| Robert P. Handler | rhandler@com-rec.com |

**Parties Served via First Class Mail:**

Jerk Taco Man Holdings, LLC |7723 S. State Street|Chicago, IL 60619-2317||||
CRF USA |802 Nicolloet Mall #1700|Minneapolis, MN 55402| |||
Cintas |6001 W. 73rd|Chicago, IL 60638-6101| |||
Cook County Treasurer's Office |118 N Clark|Suite 112|Chicago, IL 60602-1590| ||
|Darcee McCuller |c/o Nathan Volheim, Esq.|Sulaiman Law Group, Ltd.|2500 S. Highland Avenue, Suite 200|Lombard, IL 60148-7103| |
Delta Bridge Funding |2875 NE 191st Street #500|Miami, FL 33180-2832| |||
Diamond Carpenter |c/o Nathan Volheim, Esq.|Sulaiman Law Group, Ltd.|2500 S. Highland Avenue, Suite 200|Lombard, IL 60148-7103| |
Diamond Carpernter |c/o Sulaman Law Group, Ltd|2500 S. Highland|Lombard, IL 60148-5363| ||
Dumpster.com |11699 Brookpark Rd #450|Cleveland, OH 44130-1135| |||
Empire Cooler Services |940 W. Chicago Ave|Chicago, IL 60642-5662| |||
Illinois Casualty |225 20th Street|Rock Island, IL 61201-8810| |||
ILLINOIS DEPARTMENT OF REVENUE|BANKRUPTCY UNIT|PO BOX 19035|SPRINGFIELD IL 62794-9035
Internal Revenue Service |P.O. Box 7346|Pholadelphia, PA 19101-7346| |||
NAVITAS CREDIT CORP|ATTN JOYCE MCKULKA|201 EXECUTIVE CENTER DR SUITE 100|COLUMBIA SC 29210-8410|||preferred
Nina Thurman |c/o Nathan Volheim, Esq.|Sulaiman Law Group, Ltd.|2500 S. Highland Avenue, Suite 200|Lombard, IL 60148-7103| |
PNC CHecking |2121 Manheim Rd|Maywood, IL 60153| |||
PPP |409 3rd Street S.W.|Washington, DC 20416-0011| |||
Pearl Funding |410 Jericho TPKE|Jericho, NY 11753-1318| |||
Pine Valley One Real Estate |100 N. LaSalle #710|Chicago, IL 60602-5045| |||
Small Business Administration |409 Third Street|Washington, DC 20024-3212| |||

State of Illinois |Attn. Ms. Dotson|7723 S. State Street|Chicago, IL 60619-2317| ||
U.S. Department of Labor |District Director Thomas Gauza|Wage and Hour Division, Suite 412|230 South Dearborn Street|Chicago, IL 60604-1505| |
U S SMALL BUSINESS ADMINISTRATION|ATTN BK NOTICES|332 S MICHIGAN AVE SUITE 600|CHICAGO IL 60604-4318|||
Waste Management |3301 W. 47th Street|Chicago, IL 60632-3012| ||||
Robert P Handler |Commercial Recovery Associates, LLC|205 West Wacker Drive|Suite 918|Chicago, IL 60606-1243||
William E. Jamison Jr.|Law Office William E. Jamison & Assoccia|53 W Jackson Blvd|Ste 801|Chicago, IL 60604-3495||

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JERK TACO MAN HOLDINGS, LLC, | ) | CASE NO. 23-00901 |
| | ) | |
| | ) | HONORABLE DEBORAH L. THORNE |
| DEBTOR. | ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
OR CONVERT CASE PURSUANT TO 11 U.S.C. § 1112(b)
<u>AND TO SHORTEN NOTICE</u>**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois ("U.S. Trustee"), by and through his attorney, Jeffrey L. Gansberg, moves pursuant to 11 U.S.C. § 1112(b), for an order dismissing the captioned Chapter 11 case for "cause," or in the alternative, converting the case to Chapter 7 and to shorten notice ("Motion"). In support of the Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334.

2. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which has been referred to this Court pursuant to IOP 15(A) and LR 40.3.1 of the United States District Court for the Northern District of Illinois.

3. Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The U.S. Trustee has standing to file the Motion under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3).

**BACKGROUND**

5. The Debtor filed its subchapter V voluntary petition on January 24, 2023.

6. On the same date, Robert Handler was appointed as the subchapter V trustee (the "Trustee").

7. On February 16, 2023, the Debtor filed a motion to authorize its continued use of its bank accounts. [Dkt. No. 21]. The Debtor indicated that both accounts are at Bank of America ("B of A"). One account is a general operating account and the second is a payroll account. The two accounts ended in the four digits: -3266 and -3279. These accounts were opened by the Debtor prior to the bankruptcy filing because creditors were levying upon, freezing, or otherwise taking actions with respect to the Debtor's previous account.

8. The Court approved the Debtor's continued use of the B of A account by order dated March 9, 2023. [Dkt. No. 29].

**The Monthly Operating Report for January 2023 and February 2023**

9. On March 21, 2023, the Debtor filed its monthly operating report for the period of January 24, 2023, through February 28, 2023 (the "February MOR"). [Dkt. No. 36]. Although the February MOR was filed, it was not complete – it did not contain any attachments, including required bank statements.

10. In the February MOR, in response to the question regarding whether the Debtor timely filed tax returns and timely paid taxes, the Debtor indicated "N/A." *See* February MOR at p. 1.

11. Similarly, the Debtor indicated that it had paid bills that it owed prior to the bankruptcy filing. *See* February MOR at p. 2. The Debtor provided no description of the bills paid.

**The Monthly Operating Report for March 2023**

12. One May 23, 2023, over a month late, the Debtor filed its monthly operating report for the month ending March 31, 2023 (the "March MOR"). [Dkt. No. 47]. Like the February MOR, the March MOR was incomplete – it did not contain bank statements for each of the bank accounts that the Debtor was using and was filed with no additional required attachments.

13. Additionally, in the March MOR, the Debtor admitted that it had not timely filed its tax returns and had not timely paid its taxes. *See* March MOR at p. 1. It similarly admitted that it had not "timely filed all other required government filings." *Id.*

14. The Debtor included a one-page summary of the payments it made during March. In that summary, the Debtor itemized eight groups of expenses totaling $125,412. *See* March MOR at p. 5.

15. In addition to the one-page summary were two bank statements and a point-of-sale summary. The bank statements were for bank statements at B of A ending in the last four digits of -3266 and -4658. The Debtor does not have authority to use a bank account at B of A ending with the last four digits -4658. Indeed, the bank statement for the -4658 account indicates that the holder of the account is "Jerk Man LLC DBA Jerk Taco Man LLC."

16. The Debtor did not provide a bank statement for the B of A account ending in -3279, although the Debtor was authorized to continue using that account.

17. Additionally, although not filed with the March MOR, the Debtor provided a third B of A bank statement to the Trustee. The last four digits of that account are -4674. A copy of the bank statement for the -4674 account is attached hereto as **Exhibit A**. The -4674-bank statement indicates that the holder of that account is "Kiss the Cook BBQ Jackson LLC DBA Jerk Taco Man 1." *See* -4674 Statement at p. 1.

3

18. The bank statement evidence various improper spending by the Debtor. However, they also show that the Debtor is not paying its required obligations. None of the provided bank statements evidence payments made to the IRS or the IDOR for any taxes. Taxes are one of the major issues that pushed this Debtor into bankruptcy and, while under this Court's protection, it is continuing its pre-petition practice of failing pay its various tax obligations.

**The Use (and Non-use) of the Debtor's Funds**

19. The bank statements for each of the -3266, -4658, and -4674 accounts shows that the Debtor is not spending its funds properly or within the strictures of the Bankruptcy Code.[1]

**The -3266 Account**

20. Without itemizing each transfer into or from the -3266 account, it is clear that the Debtor is commingling funds with other businesses and is improperly spending its money.

21. There are numerous examples of transfers of funds from third party related entities to the Debtor:

March 15, 2023 – Counter Credit in the amount of $5,904.12
March 21, 2023 – Online transfer from Kiss the Cook BBQ Jackson LLC in the amount of $8,000
March 24, 2023 – Online transfer from Jerk Man LLC in the amount of $15,241

22. Similarly, there are numerous examples of withdrawals from or use of the funds for which no further explanation is provided but that are concerning:

March 21, 2023 – IL TLR cash withdrawal of $5,000
March 21, 2023 – IL TLR cash withdrawal of $3,000
March 28, 2023 -- IL TLR cash withdrawal of $7,000.

23. In addition to those transactions, the Debtor's principal appears to be using the Debtor's assets for his own benefit. The bank statement for the -3266 account shows the Debtor's

---

[1] Given the numerous transfers of money between the accounts and the large withdrawals from the accounts, without further diligence and review, it is impossible to tell what entity is entitled to the funds (or some portion thereof) in these accounts.

cash is being spent at Walgreens, Portillos Hot Dog, Wendys, Zacatacos, Joey's Riverdale, U-Haul, Flossmoor Animal, Fogo Chicago, among other uses. Many of these are restaurants and the Debtor would not need to purchase meals at any of these places. Further, it is unlikely that the Debtor would have what appears to be a veterinarian expense.

**The -4658 Account**

24. The Debtor has not ever disclosed that it was using the -4658 account, nor does it have authority to use that account. Based on the name on the account, it does not belong to the Debtor.

25. Like the -3266 account, there are numerous transfer int the -4658 account from other, related accounts. For example, on March 24, 2023, there is a transfer from the Jerk Taco Man account into -4658 account in the amount of $11,763.46. Conversely, there are also significant transfer to other accounts, including a transfer on March 24, 2023, in the amount of $15,241 to a Jerk Taco Man Holdings LLC account. This matches a deposit into the -3266 account.

26. Also, like the -3266 account, there are expenditures from this account that are not explained but that appear to be improper use of the Debtor's assets (if, indeed, it is the Debtor's asset). These include payments at Yolk, Kilwins, Paychex, and Fulton Market.

**The -4674 Account**

27. Like the -4658 account, the Debtor is improperly using the -4674 account. The account holder referenced on the -4674 statement is not the Debtor but is "Kiss the Cook BBQ Jackson LLC DBA Jerk Taco Man 1."

28. No explanation is given whether the Debtor is using this account and, if so, why. However, the bank statement evidences that money was transferred from the -4674 account to the Debtor on multiple dates in March 2023.

5

29. But like the other accounts, the use of funds is not proper for the Debtor. For example, significant transfers were made to "Greg Cell Joe Spring Pool Builders." Transfers to Greg Cell Joe Spring Pool Builders exceed $30,000 in March 2023. Additionally, transfers totaling at least $7,500 were made to Nakersha Williams. There are numerous other suspect transactions associated with the -4674 account – none of which are proper for a Debtor in possession to be making.

## ARGUMENT

### CAUSE EXISTS TO DISMISS OR CONVERT THIS CASE

30. In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interests of creditors of the estate, so long as the movant establishes "cause." *See* 11 U.S.C. § 1112(b)(1).

31. Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. See 11 U.S.C. § 1112(b)(4)(A)-(P). This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In Matter of Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

> A. **Cause Exists to Dismiss or Convert Because: (i) the Debtor Paid Pre-Petition Obligations without Authority, (i) of Gross Mismanagement Including the Debtor's Breach of Its Fiduciary Duty by Failing to Pay Post-Petition Taxes, Using Multiple, Unapproved Bank Accounts, and by Paying Expenses of the Member/Manager.**

32. Cause exists to dismiss this case for multiple reasons. Importantly, each reason illustrates that this Debtor is one that does not understand his obligations as a debtor and debtor in possession.

**The Debtor Paid Pre-Petition Obligations**

33.     Cause exists to dismiss this case because the Debtor paid pre-petition obligations without court authority. The February MOR indicates that the Debtor made unauthorized payments of pre-petition obligations. *See* February MOR at p. 2. The Bankruptcy Code is clear – all activity outside of the ordinary course of business must first be approved by the Court before the action can be undertaken. *See* 11 U.S.C. §363(b)(1). It is axiomatic that the use of estate property to pay pre-petition obligations is outside of the ordinary course of business. Before making any payments of those obligations, the Debtor was required to obtain Court approval pursuant to Section 363(b)(1). It did not do so. It nonetheless transferred the property and transferring property "in a manner not consistent with the Bankruptcy Code or an order of the court may subject the case to dismissal." *In re Wells*, 71 B.R. 554, 557 (Bankr. N.D. Ohio 1987) (citation omitted).

**The Debtor Has Been Grossly Mismanaged, Which Constitutes a Breach of Duty**

34.     Cause exists to dismiss or convert this case because the Debtor has engaged in gross mismanagement by failing to conduct its business in accordance with applicable law. *See In re Phenix Transport., Inc.*, No. 18-94761, 2019 WL 4061170 at *4 (Bankr. S.D. Miss. March 8, 2019) (court finding gross mismanagement in part because debtor failed to comply with applicable non-bankruptcy law); *see also*, 28 U.S.C. §959. Gross mismanagement constitutes cause to dismiss this case. *See* 11 U.S.C. §§1104, 1112.

35.     Using its property outside of the ordinary course of business not only violates the express terms of the Bankruptcy Code, but also constitutes gross mismanagement. *See also, In re Alston*, Civil Action No. 13-1855, 2013 WL 6210249 at *7 (E.D. Penn. Nov. 27, 2013) (engaging in unauthorized transactions is gross mismanagement). Similarly, the lack of an effective

7

management team has been found to constitute gross mismanagement. *In re Products Intern. Co.*, 395 B.R. 101, 110-111 (Bankr. D. Az. 2008) (citations omitted).

36. The B of A statement filed with the March MOR and provided to the Trustee evidence that the Debtor is ignoring its obligations as a debtor and debtor in possession. Initially, it is using unauthorized bank accounts. It is unknown who has control over those accounts, although they all appear to hold the Debtor's funds. It is also not known whether the accounts are collateralized and if B of A has been informed that the accounts hold funds of a debtor.

37. Moreover, the Debtor has not paid its required obligations. None of the B of A statements provided illustrate any payments made to taxing authorities. It appears that not one payment has been made to the IDOR, IRS, or any other governmental entity. Indeed, to the extent that the Debtor is making the required withholding from employee wages, it begs the question what is happening to that money if it is not being paid to the State of Illinois.

38. <u>Despite not</u> paying its tax obligations, the March B of A statements illustrate that the Debtor is not hesitant to spend it money for the benefit of tis member/manager. As will be discussed below, thousands of dollars have been paid for the benefit of the Debtor's member/manager.

39. Not only is the above conduct gross mismanagement, it is a breach of its fiduciary duties to the estate and its creditors, which can also constitute gross mismanagement. *See*, *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, 358 (Bankr. S.D.N.Y. 2001) (breach of fiduciary duty is cause); *In re NuGelt, Inc.*, 142 B.R. 661, 666 (Bankr. D. Del. 1992) (same); *In re Telemark Mgmt. Co., Inc.*, 41 B.R. 501, 507 (Bankr. W.D. Wis. 1984) (same).

40. As a debtor-in-possession, the Debtor is a fiduciary for the estate and its creditors. *See In re Korn*, 523 B.R. 453, 468 (Bankr. E.D. Pa. 2014). By using property outside of the

ordinary course of business without court authority, the Debtor violated its fiduciary duties to act in the best interest of its creditors. *See*, *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, 358 (Bankr. S.D.N.Y. 2001) (breach of fiduciary duty is cause); *In re NuGelt, Inc.*, 142 B.R. 661, 666 (Bankr. D. Del. 1992) (same); *In re Cloisters of Brevard, Inc.*, 117 B.R. 722, 723-24 (Bankr. M.D. Fla. 1990) (improper transfers of debtor's property were breaches of fiduciary duty and cause to convert); *In re Telemark Mgmt. Co., Inc.*, 41 B.R. 501, 507 (Bankr. W.D. Wis. 1984) (same); *see also*, *In re 3868-70 White Plains Road, Inc.*, 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983) (case dismissed, in part, because "it appears that this debtor is oblivious to its fiduciary obligations" by making unauthorized post-petition payments.).

41. The Debtor's gross mismanagement and breach of fiduciary duty jeopardizes its right to operate and puts the entire bankruptcy case at risk – including any source of income that could be used to repay creditors.

**The Debtor Has Failed to File Monthly Operating Reports Timely and the Filed Reports Illustrate Its Gross Mismanagement and Breach of Duty**

42. The "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" constitutes "cause" to convert or dismiss a case. *See* 11 U.S.C. § 1112(b)(4)(F); *see also In re Draiman*, 450 B.R. 777, 826 (Bankr. N.D. Ill. 2011). Debtors are required to timely file reports during the pendency of a Chapter 11 case. *See* 11 U.S.C. §§ 704(a)(8), 1106(a)(1), 1107(a).

43. "Timely and accurate financial disclosure is the life blood of the Chapter 11 process." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). The reports are necessary to provide financial information about the debtor, and "a report filed late may be the practical equivalent of a failure to file any financial information at all." *In re Hyperion Found., Inc.*, No. 08-51288-NPO, 2009 WL 2477392, at *6 (Bankr. S.D. Miss. Aug. 11, 2009). A Chapter 11 debtor

9

who fails to timely file monthly operating reports thus fails to "satisfy timely [a] filing or reporting requirement established by" the Bankruptcy Code, which in turn constitutes "cause to convert or dismiss" the debtor's case. *See* 11 U.S.C. §§ 1112(b)(1) & (b)(4)(F); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("Refusal or inability to provide financial disclosure sounds the death knell of a chapter 11 case. The failure to file monthly operating statements…whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings,") (internal quotations and citations omitted).

44. The Debtor has failed to file the required monthly operating reports timely in this case. The March MOR was filed over a month late. The April MOR is past due but has not been filed.

45. In a typical chapter 11 case, the failure to file monthly operating reports in concerning. But this case is not typical – the Debtor has not been complying with its legal obligations and has been improperly using its assets for the benefit of its member/manager. If timely reports are not filed, this Court, the U.S. Trustee, the Trustee, and the creditors will be unable to know whether this Debtor is further acting in dereliction of its obligations as a debtor in possession.

46. The Debtor's failure to timely file monthly operating reports constitutes cause for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(F).

**DISMISSAL IS IN THE BEST INTEREST OF CREDITORS AND THE ESTATE**

47. The question of whether conversion or dismissal is in the best interests of creditors and the estate is a question committed to the discretion of the bankruptcy court. *In re Aurora Memory Care, LLC*, 589 B.R. 631, 638 (Bankr. N.D. Ill. 2018) ("Aurora Memory"). In answering

that question, courts often weigh which course of action will lead to the largest number of creditors receiving the most amount of money in the shortest period of time. *Aurora Memory*, 589 B.R. at 643. Courts also compare how creditors would fare trying to collect from the debtor in bankruptcy court as opposed to outside of bankruptcy. *Id*. In comparing those two scenarios, a key question is the availability of estate assets for a bankruptcy trustee to liquidate and use to pay creditors the money the debtor owes them. *Id.*

48.    In this case, there is no benefit to conversion. The Debtor's major creditors are taxing authorities that are also creditors of its member/manager, a debtor in his own Chapter 13 case. Additionally, it is unlikely that a chapter 7 trustee will operate this business for the extended period of time necessary to generate a distribution to creditors given the anticipate magnitude of the claims held by the taxing authorities.

## CONCLUSION

49.    Based on the foregoing, the U.S. Trustee submits that cause exists under Section 1112(b) to dismiss or convert this case to Chapter 7 and to shorten notice to that given.

WHEREFORE, the U.S. Trustee respectfully requests this Court to enter an order: (1) dismissing this case, or alternatively, converting this case to a case under Chapter 7 of the Bankruptcy Code; (2) shortening the notice required for the hearing on this Motion to the notice given; and (3) for such other relief as this Court deems just.

RESPECTFULLY SUBMITTED:
PATRICK S. LAYNG
U.S. TRUSTEE

*/s/ Jeffrey L. Gansberg*
Jeffrey L. Gansberg, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 886-3327

11